UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JESSE YOUNG,**

      **Plaintiff,**

                                Civil No: 2:16-CV-12927
                                HONORABLE NANCY G. EDMUNDS
v.                               UNITED STATES DISTRICT COURT

**JOHN DOE,**

      **Defendant,**
_____/

**OPINION & ORDER OF SUMMARY DISMISSAL**

**I. INTRODUCTION**

Jesse Young, ("Plaintiff"), presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the complaint is DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

**II. STATEMENT OF FACTS**

Plaintiff claims that on May 12, 2016, he mailed a package from the DRC (Detroit Reentry Center) to an unspecified address. Plaintiff claims that when the package arrived at this address, property that he placed inside of the package was missing. Plaintiff appears to argue that a credit card may also be missing or stolen. Plaintiff blames the defendant, the property manager at the DRC, for losing the property. Plaintiff seeks monetary damages.

### III. STANDARD OF REVIEW

Under The Prison Litigation Reform Act of 1995 (PLRA), district courts are required to screen all civil cases brought by prisoners. See *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997). If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should sua sponte dismiss the complaint." *Id.* at 612. Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).

### IV. DISCUSSION

An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful state post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533(1984); *Bass v. Robinson*, 167 F. 3d 1041, 1049 (6th Cir. 1999). A plaintiff who brings a § 1983 procedural due process claim has the burden of pleading and proving that the state remedies for redressing the wrong are inadequate. *See Vicory v. Walton*, 721 F. 2d 1062, 1066 (6th Cir. 1983). Where a plaintiff in a 42 U.S.C. § 1983 action fails to demonstrate the inadequacy of his state remedies, the case should be dismissed. *See Bass,* 167 F. 3d at 1050.

In the present case, plaintiff does not allege the inadequacy of remedies in Michigan for him to obtain compensation for his loss, nor does he even indicate that he has attempted to obtain relief from any court or tribunal in Michigan. "State tort remedies

generally satisfy the postdeprivation process requirement of the Due Process Clauses." *Fox v. Van Oosterum,* 176 F. 3d 342, 349 (6th Cir. 1999). Because plaintiff does not allege the inadequacy of the post-deprivation remedies in the State of Michigan, his complaint is subject to dismissal.

Plaintiff, in fact has adequate post-deprivation remedies available in the Michigan courts. Michigan has several post-deprivation remedies, including M.C.R. 3.105, which allows for an action for claim and delivery of the property, M.C.L.A. 600.2920, which provides a civil action to recover possession of or damages for goods and chattels unlawfully detained, and M.C.L.A. 600.6401, the Michigan Court of Claims Act, which establishes a procedure to compensate for alleged unjustifiable acts of state officials. *See Copeland v. Machulis*, 57 F. 3d 476, 480 (6th Cir. 1995).

Because Michigan provides plaintiff with adequate post-deprivation remedies for the loss of his property, the alleged unauthorized intentional deprivation of plaintiff's property would not rise to the level of a violation of due process. *See Keenan v. Marker,* 23 F. App'x. 405, 407 (6th Cir. 2001). Because plaintiff has adequate post-deprivation remedies available to him in the State of Michigan, he cannot maintain an action in federal court against the defendant for the intentional loss or destruction of his property.

Finally, because plaintiff's complaint against the defendant lacks any arguable basis in the law, this Court certifies that any appeal by the plaintiff would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006)(citing 28 U.S.C. § 1915(a)). Stated differently, it would be inconsistent for this Court to determine that plaintiff's complaint was too frivolous or meritless to be served upon the defendant, yet has sufficient merit to support a determination that any appeal from the

Court's order of dismissal would be undertaken in good faith so as to permit such an appeal. *See Anderson v. Sundquist*, 1 F. Supp. 2d 828, 835 (W.D. Tenn. 1998)(citations omitted).

## V.  CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Complaint is summarily **DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED,** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

s/ Nancy G. Edmunds  
HONORABLE NANCY G. EDMUNDS  
UNITED STATES DISTRICT JUDGE

DATED: August 18, 2016